## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRASFIELD & GORRIE, L.L.C.** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **ACE AMERICAN INSURANCE COMPANY** | * | **MAGISTRATE JUDGE:** |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

Now into Court, through undersigned counsel, comes plaintiff Brasfield & Gorrie, L.L.C. to file this Complaint against defendant Ace American Insurance Company and in support thereof shows the Court the Following:

### PARTIES

1.      Plaintiff Brasfield & Gorrie, L.L.C. is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Birmingham, Alabama.  No member of Brasfield & Gorrie is a citizen of the Commonwealth of Pennsylvania.

2.      Defendant ACE American Insurance Company is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4.      Venue is proper in this District because ACE issued a policy of insurance, specifically a Completed Value Project Builder's Risk Policy, policy number 1210558828 001,

1

insuring Brasfield & Gorrie, L.L.C. and/or a construction project undertaken by Brasfield & Gorrie, L.L.C., within this District and hence, as shown below, a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred within this District and/or a substantial part of the property made the subject of this action is or was situated within this District.  28 U.S.C. § 1391(b)(2).

## FACTS

5.     Brasfield & Gorrie, L.L.C. undertook a construction project in this District, specifically involving the expansion of the South Wastewater Treatment Plant located on or about Gardere Lane, Baton Rouge, Louisiana  70820.

6.     To protect itself and others from damages and/or losses arising from or connected to the South Wastewater Treatment Plant construction project, Brasfield & Gorrie, L.L.C. obtained from ACE a certain policy of insurance, entitled Completed Value Project Builder's Risk Policy, policy number 1210558828 001, with Brasfield & Gorrie, L.L.C., as the named insured.  A copy of the insurance policy is attached as exhibit "A."

7.     Brasfield & Gorrie, L.L.C. purchased certain materials for use in the ongoing construction and stored them onsite and those materials were insured under ACE's policy of insurance.

8.     In February 2014, Brasfield & Gorrie, L.L.C. employees went to find certain items to use in the ongoing wastewater treatment plant construction.  Upon doing so, the employees found certain of items were gone (*e.g.,* custom fabricated stainless steel pipe fittings and miscellaneous items) and noted the indicia of theft.

9.     Promptly upon discovering the theft, Brasfield & Gorrie, L.L.C., reported the theft to the East Baton Rouge Sheriff's Office.  The Sheriff's Office investigated the theft and prepared

an Incident Report, number 14-00008908, and a property supplemental report. The report lists "theft," an offense under LSA—R.S. 14:67, as the explanation for the loss. Copies of the Sheriff's reports are attached as exhibit "B." ACE had a copy of these reports before it declined coverage for Brasfield & Gorrie, L.L.C.'s theft loss.

10. To date, the East Baton Rouge Sheriff's Office has not located the perpetrator(s) of this crime, nor has Brasfield & Gorrie, L.L.C., recovered the stolen property or been paid by ACE for the losses it incurred as a result of this theft of its insured and covered property.

11. Brasfield & Gorrie, L.L.C. promptly reported this theft to ACE and asserted this loss fell within the policy of insurance and asked ACE to abide by its policy's provisions and to pay Brasfield & Gorrie, L.L.C. the value of the stolen property. Specifically, Part A of ACE's Insuring Agreement provides coverage as follows:

> This policy, subject to the terms, conditions and exclusions stated herein, or endorsed hereto, insures against all risk of direct physical loss or damage to property of every kind and description intended to become a permanent part of or consumed in, the fabrication, assembly, installation, erection or alternation of the Insured Project as defined in the Declaration Page for which values have been declared and deposit premium paid.

This provision covers the stolen property which Brasfield & Gorrie, L.L.C. promptly reported to ACE.

12. Pursuant to ACE's policy provisions, these stolen items are insured and Brasfield & Gorrie is entitled to be paid for their loss, unless ACE establishes a policy exclusion applies.

13. Upon receipt of Brasfield & Gorrie, L.L.C.'s claim, ACE conducted a perfunctory investigation and thereafter belatedly issued a letter declining coverage. *See* February 5, 2015, letter from ACE to Brasfield & Gorrie, L.L.C, exhibit "C." In declining coverage, ACE cited and relied upon Part D, Exclusions, exclusion 5 which reads, in pertinent part:

> This policy does not insure loss or damage caused directly or indirectly by any of the following, and such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in sequence to the loss:
>
> * * *
>
> 5. Unexplained disappearance, shortage or other loss discovered upon taking inventory.

14. ACE's position that there is no coverage for the theft of Brasfield & Gorrie, L.L.C.'s property, otherwise insured, is untenable under the terms of the policy, the facts, and the law.

15. This is not an "unexplained disappearance," as ACE contends. Rather, when Brasfield & Gorrie, L.L.C.'s employees went to retrieve specific items, they clearly had been stolen. For one example, a stored skimmer had been strapped down on a pallet with metal bands. Where the skimmer had been, only the pallet with cut metal bands remained. This evidence shows a theft occurred, confirmed by the Sheriff's reports – the only independent evidence available to both ACE and to Brasfield & Gorrie, L.L.C.

16. There is a distinction between an "unexplained disappearance" and an "unsolved theft." Merely because the crime's perpetrators were not found or arrested in this case does not equal an "unexplained disappearance." Taking ACE's position to its logical conclusion there would be never be coverage for an unwitnessed theft loss when the culprit is not apprehended, a result the policy of insurance did not set forth nor a result either ACE or Brasfield & Gorrie, L.L.C., anticipated or intended.

17. Brasfield & Gorrie did not discover the theft "upon taking inventory." Instead, Brasfield & Gorrie, L.L.C., realized a theft occurred when its employees specifically went to retrieve items to be installed and incorporated into the project. In this regard, ACE's policy does not define the term "inventory" or the phrase "taking inventory" in Part G, Definitions under the

4

policy. Under Louisiana law interpreting contracts, including insurance contracts, words are given their generally prevailing meaning. *See, e.g.*, LSA—C.C. art. 2047. The full definition of "Inventory" found at The Merriam Webster Dictionary is as follows:

> 1:  a:  an itemized list of current assets: as  (1):  a catalog of the property of an individual or estate  (2):  a list of goods on hand
>
> b:  a survey of natural resources
>
> c:  a list of traits, preferences, attitudes, interests, or abilities used to evaluate personal characteristics or skills
>
> 2:  survey, summary
>
> 3:  the quantity of goods or materials on hand:  stock
>
> 4:  the act or process of taking an inventory

Brasfield & Gorrie, L.L.C. was not taking inventory when it discovered some person or persons unknown had stolen the property from the insured site and ACE's contention otherwise is untenable under its policy of insurance language, the specific facts, and the law.

18. Brasfield & Gorrie, L.L.C.'s theft loss is a clearly covered loss under ACE's policy, and ACE has acted arbitrarily in refusing to honor Brasfield & Gorrie, L.L.C.'s claim.

19. In response to ACE's position, Brasfield & Gorrie, L.L.C. sent another letter to ACE, outlining the factual and/or legal errors in ACE's analysis, but ACE refused to reconsider its declination of coverage for this theft claim.

20. Although ACE suggested "all avenues of discussion" or "dispute resolution" to resolve the parties' differences, when Brasfield & Gorrie, L.L.C. offered to mediate this dispute with another dispute it has with ACE over the very same insured construction project, its suggestion to mediate this claim was rebuffed.

21. ACE has wrongfully denied Brasfield & Gorrie's claim under the ACE policy and its denial constitutes a breach of contract as shown below.

## COUNT I – BREACH OF CONTRACT

22. Brasfield & Gorrie adopts and re-alleges all averments of Paragraphs 1 – 21 of the Complaint as if set forth in full herein.

23. The ACE Policy is a valid and binding contract.

24. Brasfield & Gorrie has fully performed its obligations under the Policy.

25. ACE has breached the terms of the ACE policy by failing to pay the claims that Brasfield & Gorrie submitted under the ACE Policy. Brasfield & Gorrie has been damaged by ACE's breach and is entitled to and requests payment of the full amount to which it is entitled to recover under the ACE Policy, plus interest and costs.

## COUNT II – BREACH OF FIDUCIARY DUTY

26. Brasfield & Gorrie, L.L.C., adopts and re-alleges all averments of Paragraphs 1 – 25 of the Complaint as if set forth in full herein.

27. At all times, ACE was a fiduciary for Brasfield & Gorrie, L.L.C. ACE purported to provide insurance on behalf of Brasfield & Gorrie, L.L.C. (and its subcontractors). ACE owed a fiduciary duty to Brasfield & Gorrie, L.L.C., to provide insurance, to protect the interests of Brasfield & Gorrie, L.L.C., and to pay on claims submitted by Brasfield & Gorrie, L.L.C.

28. The fiduciary duty or confidential relationship arose because Brasfield & Gorrie, L.L.C., placed special trust and confidence in ACE to provide insurance for the purpose contemplated and the premium paid by Brasfield & Gorrie, L.L.C.

29. ACE had a duty to act in the best interests of Brasfield & Gorrie, L.L.C., or, at least, not to act in a manner directly adverse to the interests of Brasfield & Gorrie, L.L.C., and/or to place ACE's interests ahead of those of Bradfield & Gorrie, L.L.C.

30. ACE had a duty to act at all times with due regard to the best interests of Brasfield & Gorrie, L.L.C.

31. ACE had a duty to act with the utmost loyalty and good faith concerning payments of claims submitted by Brasfield & Gorrie, L.L.C.

32. ACE breached its fiduciary duties to Brasfield & Gorrie and caused Brasfield & Gorrie to suffer damages. In breaching its contractual duties (and the duties imposed upon it by law), ACE consciously and/or deliberately engaged in oppression, wantonness, or malice with regard to Brasfield & Gorrie, L.L.C.

33. Brasfield & Gorrie has been damaged by ACE's breach of fiduciary duties.

**COUNT III – BREACH OF DUTY OF GOOD FAITH UNDER LSA-R.S. 22:1973**

34. Brasfield & Gorrie, L.L.C., adopts and re-alleges all averments of Paragraphs 1 – 33 of the Complaint as if set forth in full herein.

35. ACE owed a duty to Brasfield & Gorrie of good faith and fair dealing with regard to ACE's claim settling practices.

36. In violation of Louisiana law, ACE failed to pay the amounts of the claims due to Brasfield & Gorrie, L.L.C., within sixty days after receipt of satisfactory proof of loss from Brasfield & Gorrie, L.L.C., and ACE's failure to pay both claims was arbitrary, capricious, and without probable cause.

37. As a result of ACE's wrongful conduct as set forth above, including ACE's arbitrary and capricious failure to pay Brasfield & Gorrie, L.L.C.'s claims without probable cause, Brasfield & Gorrie, L.L.C., is entitled pursuant to LSA—R.S. 22:1973 to be awarded penalties and assessed against ACE in the amount of two times the full amount due to Brasfield & Gorrie under

7

the ACE Policy together with attorneys' fees and all reasonable costs incurred by Brasfield & Gorrie, L.L.C. as a result of ACE's conduct.

### COUNT IV – BREACH OF DUTY OF GOOD FAITH UNDER LSA—R.S. 22:1892

38. Brasfield & Gorrie adopts and re-alleges all averments of Paragraphs 1 – 37 of the Complaint as if set forth in full herein.

39. ACE owed a duty to Brasfield & Gorrie of good faith and fair dealing with regard to ACE's investigation, evaluation, and response to Brasfield & Gorrie, L.L.C.'s claims.

40. ACE breached its duties and obligations under LSA—R.S. 22:1892. In violation of Louisiana law, ACE failed to pay the amounts of the claims due to Brasfield & Gorrie, L.L.C., within thirty days after receipt of satisfactory proof of loss from Brasfield & Gorrie, L.L.C. ACE's failure to pay both claims was arbitrary, capricious, and without probable cause.

41. As a result of ACE's wrongful conduct as set forth above, including ACE's arbitrary and capricious failure to pay Brasfield & Gorrie's claims without probably cause, Brasfield & Gorrie is entitled pursuant to LSA—R..S. 22:1893 to be awarded penalties, in addition to the amount of the losses, of fifty percent damages on the amount found to be due from ACE to Brasfield & Gorrie, L.L.C.

### COUNT V – CANCELLATION AND RETURN OF PAID POLICY PREMIUMS

42. Brasfield & Gorrie adopts and re-alleges all averments of Paragraphs 1 – 41 of the Complaint as if set forth in full herein.

43. Because of ACE's refusal to pay this valid claim, coupled with its bad faith and refusal to adjust another claim of Brasfield & Gorrie, L.L.C.'s made the subject matter of a different law suit, namely *ACE American Insurance Company v. Brasfield & Gorrie, L.L.C.*, civil action number 14-782-JWD-SCR, of the United States District Court for the Middle District of

Louisiana, Brasfield & Gorrie, L.L.C., shows that the policy of insurance ACE provided was, in fact, an illusory one and, therefore, Brasfield & Gorrie, L.L.C., seeks rescission of the insurance contract and a return (restitution) of all premiums Brasfield & Gorrie, L.L.C. paid for this illusory insurance agreement.

## REQUEST FOR TRIAL BY JURY

Brasfield & Gorrie, L.L.C. requests trial by jury on all issues so triable.

WHEREFORE, Brasfield & Gorrie, L.L.C., prays that after due proceedings are held that there be judgment rendered in favor of Brasfield & Gorrie, L.L.C., and against ACE American Insurance Company in an amount(s) to be determined after trial, together with interest, penalties, and attorneys' fees as may be allowed by law.  Further, Brasfield & Gorrie, L.L.C. asks this Court to award any additional relief, whether in law or in equity, to which Brasfield & Gorrie, L.L.C. may otherwise be entitled against ACE American Insurance Company.

Dated this 16th day of September 2015

Respectfully Submitted:

*s/ Kevin R. Tully*
KEVIN R. TULLY -Bar #1627, T.A.
krtully@christovich.com
H. CARTER MARSHALL - Bar #28136
hcmarshall@christovich.com
Christovich & Kearney, LLP
601 Poydras Street, Suite 2300
New Orleans, Louisiana  70130
Telephone:  504-561-5700
Attorneys for Brasfield & Gorrie, L.L.C.

4824-6195-2296, v. 1